## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMAR W. ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 5:15-cv-01091-KOB-JEO |
| | ) | |
| WARDEN JONES and ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on July 2, 2018, recommending that the court dismiss petitioner's 28 U.S.C. § 2254 petition for habeas corpus relief. (Doc. 9). Petitioner filed objections to the report and recommendation on July 24, 2018. (Doc. 13).

The petitioner reasserts his claim that his trial counsel was ineffective for failing to move the court to disqualify Limestone District Attorney Brian Jones. (Doc. 13 at 1). The petitioner claims that Jones represented him in a criminal proceeding in 2006 or 2007. (*Id*.). Petitioner states that he and Jones "had problem[s]" that nearly "turn[ed] into a fight," but an officer intervened. (*Id*.). Petitioner claims that after the argument, Jones "promise[d]" petitioner he would be

1

sent to prison.  (*Id*.).

Petitioner did not include these specific factual allegations in his Rule 32 petition or in his appeal and the Alabama Court of Criminal Appeals determined that he failed to cite any basis for a conflict of interest concerning Jones or any specific claim of prejudice.  (Doc. 5-3 at 9-23; Doc. 5-4 at 1-14; Doc. 5-6 at 4-5). Neither did petitioner set forth these factual allegations in the present petition and only vaguely alleged the basis of such a claim well after filing the petition.  (Doc. 8).  In his objections, the petitioner makes only a conclusory allegation that his argument with Jones six years earlier, in an unrelated matter, constituted a conflict of interest and fails to show how he was prejudiced by it.  (Doc. 13 at 1).

The Court of Criminal Appeals' conclusion that petitioner failed to sufficiently plead an ineffective assistance of counsel claim on this ground was not "contrary to" or an "unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).   Accordingly, petitioner is not entitled to relief on this claim.

Next, the petitioner argues that semen found on the victim's vaginal swabs and panties did not belong to him and shows that someone else murdered the victim.  (Doc. 13 at 1-2).  The petitioner claims that his counsel "did not fight this point."  (*Id*. at 2).

It appears petitioner restates his claim that trial counsel was ineffective for

failing to discover the State withheld exculpatory DNA evidence that someone else committed the murder.  The Court of Criminal Appeals held that petitioner failed to plead or provide any indication of prejudice concerning this claim.  (Doc. 5-6 at 5). The court also found that petitioner's trial counsel submitted an affidavit that he received all of the DNA evidence in the case.  (*Id*.).

Petitioner attached to his objections an exhibit which states that the victim's vaginal swabs and panties were examined and analyzed for the presence of semen "with positive results."  (Doc. 13 at 3).  However, this exhibit does not establish that someone other than petitioner murdered the victim.

The petitioner has not shown either deficient performance or prejudice concerning this claim under *Strickland v. Washington*, 466 U.S. 668 (1984).  So, the Court of Criminal Appeals' conclusion that counsel was not deficient on this ground was not "contrary to" or an "unreasonable application of, clearly established Federal law" or unreasonable in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).  Petitioner's claim is due to be denied.

The petitioner appears to argue again that his trial attorneys were ineffective because they failed to move for dismissal of the burglary charge against him.  (Doc. 13 at 6-9).  However, the Alabama Court of Criminal Appeals found that the petitioner was not prejudiced on this ground because he was convicted of murder

rather than capital murder. (Doc. 5-6 at 5). Indeed, the petitioner does not dispute that on June 19, 2013, his trial counsel in fact moved to dismiss the capital murder charge because the unoccupied school where the victim was found was not a building within the meaning of the burglary statute. *See* Mot. to Dismiss Count One of the Indictment, *Alabama v. Anderson*, 44-CC-2012-000368.00 (Limestone County Circuit Court, June 19, 2013), Doc. 112.[1] So, count one of the indictment was amended from capital murder to murder removing the burglary element and petitioner pleaded guilty to the amended charge. (Doc. 5-2 at 13). Based on the foregoing, the Alabama Court of Criminal Appeals' determination was not "contrary to" or an "unreasonable application of" *Strickland* or unreasonable in light of the evidence presented in the state court proceedings. Thus, petitioner is not entitled to relief on this ground.

Having carefully considered *de novo* all the materials in the court file, including the report and recommendation and the petitioner's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. The court finds that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the above-styled cause is due to be denied and dismissed with prejudice.

The court may issue a certificate of appealability "only if the applicant has

---

[1] Petitioner's state court criminal records can be found at www.alacourt.com.

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds petitioner's claims do not satisfy either standard. Accordingly, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack*, 529 U.S. at 484-85; Rule 11(a), Rules Governing § 2254 Proceedings.

The court will enter a separate Final Order.

DONE and ORDERED this 6th day of August, 2018.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE